UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JULIE DAVIS                                                                           CIVIL ACTION

VERSUS

JOSI HOSPITALITY, L.L.C.,
ET AL.                                                                                        NO.: 15-00451-BAJ-RLB

RULING AND ORDER

Before the Court is a motion for summary judgment filed by Josi Hospitality, L.L.C. ("Defendant"), which is supported by eight exhibits, including documents from the record of the United States Bankruptcy Court for the Middle District of Louisiana ("Bankruptcy Court"). (Docs. 26, 26-1, 26-3—26-5, 26-7—26-8). Defendant asserts that judicial estoppel bars Julie Davis ("Plaintiff") from bringing her claims in this lawsuit. (Doc. 26). The Court has considered the response filed by Plaintiff. (Doc. 34). For the following reasons, Defendant's motion is **GRANTED**.

I. BACKGROUND

On June 5, 2015, Plaintiff, a former employee of Defendant, brought suit against Defendant in state court alleging that her employment was terminated as reprisal, in violation of La. R.S. 23:967, and that Defendant subjected her to intentional infliction of emotional distress. (Doc. 1-1 at ¶¶ 17—18). Specifically, Plaintiff asserted in her verified petition that she was finally terminated on June 19, 2014 for her repeated actions in opposing Defendant's alleged failure to comply with the requirements of the Americans with Disability Act by refusing lodging to

1

individuals with service animals. (*Id.* at ¶¶ 3, 13). Before her termination, Plaintiff further asserted that she was suspended from her sales manager position, demoted, and given a less desirable work schedule because of her opposition to the same on February 27, 2014.[1] (*Id.* at ¶¶ 7—9).

Relative to Defendant's invocation of judicial estoppel, on February 25, 2014, Plaintiff filed a Voluntary Petition and Chapter 13 Plan in the Bankruptcy Court. (Doc. 26-1). Plaintiff submitted a proposed plan and later, a proposed amended plan in her bankruptcy proceeding on February 26, 2014 and May 6, 2014. (Docs, 26-3, 26-5). The Bankruptcy Court issued an order confirming the proposed amended plan on May 28, 2014.[2] (Doc. 26-4). Plaintiff's Chapter 13 Plan, as amended, requires her to repay creditors over the course of five years. (Docs. 26-4, 26-5 at p. 8). Defense counsel learned of Plaintiff's bankruptcy proceeding on February 9, 2016, and shortly thereafter informed Plaintiff's counsel of his discovery. (Doc. 26-6). Plaintiff then filed an amended Schedule B to her plan in Bankruptcy Court on February 26, 2016

---

[1] Defendant filed its motion for summary judgment on April 4, 2016. (Doc. 26). As discussed *infra*, Plaintiff was deposed on April 6, 2016 and soon thereafter moved to amend her petition on April 13, 2016. (Doc. 27). By way of her amendment, Plaintiff seeks to, *inter alia*, omit the date contained in paragraph nine of her petition and, separately, withdraw her claim for intentional infliction of emotion distress. (Doc. 27-3 at ¶¶ 3—4). Defendant opposes Plaintiff's motion to amend. (Doc. 36).

[2] Although not dispositive to the issue to be addressed in this Ruling and Order, the parties do not dispute that during her proceeding before the Bankruptcy Court, Plaintiff acknowledged the following:

> I further understand that **ANY** lawsuits or settlements that I have can only be settled with approval of the bankruptcy court. I also understand that **ANY** funds I receive as a result of a settlement or lawsuit **MUST** be turned over to the Chapter 13 Trustee for disbursement to my unsecured creditors with allowed claims.

(Doc. 26-7).

wherein, for the first time, she identified the above-captioned matter and the claims asserted therein as assets. (Docs. 26-6, 26-7).

## II.   SUMMARY JUDGMENT STANDARD

Pursuant to the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). In determining whether the movant is entitled to summary judgment, the court views the facts in the light most favorable to the non-movant and draws all reasonable inferences in the non-movant's favor. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

After a proper motion for summary judgment is made, the non-movant "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (internal citations omitted). At this stage, the court does not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir.1991), *cert. denied*, 502 U.S. 1059 (1992). However, if "the evidence in the record is such that a reasonable jury, drawing all inferences in favor of the non-moving party, could arrive at a verdict in that party's favor," the motion for summary judgment must be denied. *Id.* at 1263.

On the other hand, the non-movant's burden is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions, or a mere scintilla of evidence. *Little v. Liquid Air Corp.*,

3

37 F.3d 1069, 1075 (5th Cir.1994) (internal quotations omitted). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In other words, summary judgment will lie only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Sherman v. Hallbauer*, 455 F.2d 1236, 1241 (5th Cir.1972).

III. DISCUSSION

A. Arguments of the Parties

Defendant's motion does not address the merits of Plaintiff's underlying claims. Instead, Defendant argues that Plaintiff had "a continuing obligation to disclose post-petition causes of action" in her bankruptcy proceeding, and that "a debtor's silence impliedly represents that she has no such cause of action." (Docs. 26 at ¶ 9, 26-9 at pp. 4—5). Defendant further argues that Plaintiff "asserted a legal position" in this lawsuit that is "plainly inconsistent with her prior implied representation" in her bankruptcy proceeding. (Doc. 26-9 at p. 5). Accordingly, Defendant argues that judicial estoppel is proper because: "(1) [Plaintiff] has asserted a legal position that is plainly inconsistent with a prior position; (2) the Bankruptcy Court for the Middle District of Louisiana accepted the prior position in confirming [Plaintiff's] Chapter 13 Plan; and (3) Plaintiff did not act inadvertently." (*Id.* at ¶ 10).

Plaintiff concedes that a debtor in a bankruptcy proceeding has a statutory duty to disclose all assets or potential assets. (Doc. 34 at p. 2). Plaintiff argues, however, that she had no pending claims or lawsuit at the time of her bankruptcy filing and at the time her Chapter 13 Plan, as amended, was later confirmed. (*Id.*). In fact, Plaintiff asserts that her causes of action in this matter "were not confirmed until she was terminated from her employment on June 19, 2014," which was weeks before her amended Chapter 13 Plan was confirmed and nearly one year before she filed her petition in state court. (*Id.* at p. 4).

While Plaintiff does not squarely address the existence *vel non* of any continuing duty that she was under relative to her bankruptcy proceeding, she draws the Court's attention to testimony she gave after Defendant filed its motion for summary judgment, wherein she asserts that her failure to disclose her claims in her bankruptcy proceeding after June 2014 was "an oversight" because she "just had a lot going on," and that "it was never her intention to mislead the Bankruptcy Court regarding [her] situation." (Docs. 34 at p. 4, 34-1 at pp. 4—5). Plaintiff further testified that she was never disciplined before June 2014 for the actions giving rise to her lawsuit. (Docs. 34 at p. 6, 34-1 at p. 3).

Taken together, Plaintiff argues that at the very least, a genuine dispute of fact exists as to whether she had sufficient information to apprise her of the claims asserted in this lawsuit when she initiated her bankruptcy proceeding and later succeeded in having her amended Chapter 13 Plan confirmed. (Doc. 34 at p. 6). Likewise, Plaintiff argues that a genuine dispute of fact exists as to whether she

5

intentionally failed to disclose her potential claims, and now, this lawsuit, prior to and in the months after her bankruptcy plan was confirmed. (Doc. 34 at pp. 2—6).

### B. Applicable Law

The Bankruptcy Code places "an express, affirmative duty" on debtors in a bankruptcy proceeding "to disclose all assets, *including contingent and unliquidated claims.*" *In re Costal Plains*, 179 F. 3d 197, 206—207 (5th Cir. 1999) (emphasis original) (citing 11 U.S.C. § 521(1)). "The duty of disclosure in a bankruptcy proceeding is a *continuing one*, and a debtor is required to disclose all *potential* causes of action." *Id.* (emphasis added) (quoting *Youngblood Group v. Lufkin Fed. Sav. & Loan Ass'n,* 932 F. Supp. 859, 867 (E.D.Tex.1996)). "The debtor need not know all the facts or even the legal basis for the cause of action; rather, if the debtor *has enough information . . .* prior to confirmation *to suggest* that it may have a *possible* cause of action, then that is a 'known' cause of action such that it *must be disclosed.*" *Id.* (emphasis added). The Fifth Circuit has further instructed that the duty to disclose is sacrosanct and that its importance in the bankruptcy system "cannot be overemphasized." *In re Costal Plains*, 179 F. 3d at 208 (citing *Oneida Motor Freight, Inc. v. United Jersey Bank,* 848 F.2d 414 (3d Cir. 1988), *cert. denied,* 488 U.S. 967, 109 S.Ct. 495, 102 L.Ed.2d 532 (1988)).

As correctly identified by Defendant, "[a] court should apply judicial estoppel if (1) the position of the party against which estoppel is sought is plainly inconsistent with its prior legal position; (2) the party against which estoppel is sought convinced a court to accept the prior position; and (3) the party did not act inadvertently."

*Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598, 600 (5th Cir. 2005) (citing *In re Costal Plains*, 179 F. 3d at 206—207 (5th Cir. 1999)). Courts apply judicial estoppel to bar claims asserted in lawsuits where plaintiffs, who are also debtors, fail to abide by the disclosure requirements set forth in the Bankruptcy Code in their ongoing bankruptcy proceedings. *Id.*; *see also Lewis v. Terrebonne Gen. Med. Ctr.*, No. 13-CV-4864, 2014 WL 4231176 (E.D.La. Aug. 26, 2014) (where plaintiff filed a discrimination charge with the Equal Employment Opportunity Commission prior to filing her bankruptcy petition, and later failed to disclose a subsequently filed lawsuit while her bankruptcy proceeding remained open). In fact, the Fifth Circuit has instructed that "[j]udicial estoppel is particularly appropriate where . . . a party fails to disclose an asset to a bankruptcy court, but then pursues a claim in a separate tribunal based on that undisclosed asset." *Jethroe*, 412 F.3d at 600.

## C. Analysis

i. Failure to disclose information "known" *before* Plaintiff's amended Chapter 13 Plan was confirmed.

Plaintiff signed her *verified* petition underneath a notarization, which read that "upon being duly sworn," she did "state . . . that she reviewed the Petition and all facts and allegations contained therein are true and correct." (*Id.* at p. 5). Plaintiff asserted in her verified petition that she was suspended, demoted, and given reduced work hours on February 27, 2014 as a consequence of challenging Defendant's alleged unlawful conduct. (Doc. 1-1 at ¶ 9). This is an event for which Plaintiff would have had personal knowledge; thus, this assertion would not have been made upon only her belief. *See McClatchey v. Guar. Bank & Trust Co.*, 63 So.2d 738, 744—45 (La.

7

1953) (distinguishing between assertions in a verified petition which contain direct statements of fact which are "clearly within knowledge of the petitioner" and assertions that are "necessarily on information and belief").

For purposes of judicial estoppel in the bankruptcy context, such adverse employment action was sufficient to apprise Plaintiff of a potential cause of action arising from Defendant's purported ongoing unlawful conduct, the latter of which forms the basis of all of her claims in this lawsuit. *See In re Costal Plains*, 179 F. 3d at 206—207. Put differently, Plaintiff failed to disclose in her bankruptcy proceeding possible claims that she now asserts in this lawsuit, even though she had "enough information" about the same *before* she submitted her amended Chapter 13 Plan, and *before* this Plan was later confirmed.[3] *Id.* (instructing that a debtor need only have "enough information . . . prior to confirmation to suggest that it may have a possible cause of action" in order to have a "known cause of action such that it must be disclosed" in the bankruptcy proceeding) (internal quotations omitted); *see also Lewis*, 2014 WL 4231176, at **5—10. This is all the Bankruptcy Code required *vis-à-vis* Plaintiff's duty to disclose assets prior to confirmation of her plan. *See In re Costal Plains*, 179 F. 3d at 206—207; *see Lewis*, 2014 WL 4231176, at *6.

For this reason, the Court finds that the first two prongs of the test for judicial estoppel have been satisfied and that the same is true for all of Plaintiff's claims in

---

[3] The Court is aware that Plaintiff was terminated on June 16, 2014, which was shortly *after* her amended Chapter 13 Plan was confirmed on May 28, 2014. To the extent the Court is required to narrow its focus on the date of this discrete adverse employment action and ignore her earlier demotion and the common facts underlying her claims, Plaintiff nonetheless breached her *continuing* duty to disclose assets, as discussed *infra*.

this lawsuit, because they stem, at least in part, from adverse employment action taken before her bankruptcy plan, as amended, was confirmed. *Jethroe*, 412 F.3d at 600.

The Court briefly notes that on April 6, 2016, Plaintiff testified that she did not suffer an adverse employment action prior to her termination.[4] (Doc. 34-1 at p. 3). Thus, just two days after Defendant filed its motion for summary judgment, Plaintiff has explicitly contradicted paragraph nine of her verified petition, which she now seeks leave to amend in order to omit reference to the date contained therein. *See* note 1, *supra*. The Court is unimpressed by Plaintiff's effort to amend and affords her belated testimony no weight. *See Butler v. Victorson*, 2010-1012, p. 4 (La.App. 4 Cir. 1/5/11); 2011 WL 9159474 (declining to consider an affidavit offered solely to defeat a properly supported motion for summary judgment when the affidavit contradicted allegations contained in a verified petition) (quoting *Bourgeois v. Curry*, 05—0211, pp. 12—13 (La.App. 4 Cir. 12/14/05); 921 So.2d 1001, 1009—1010) (instructing that "[a]n inconsistent affidavit offered only after the motion for summary judgment was filed is not sufficient to create a genuine issue of material fact where no justification for the inconsistency is offered").

In so acting, the Court cautions that testimony of a plaintiff is not "self-serving" simply because it is advantageous to his or her position, *C.R. Pittman Const. Co., Inc. v. Nat'l Fire Ins. Co. of Hartford*, 453 F. App'x 439, 443 (5th Cir. 2011), but rather because it directly contradicts a previously sworn statement without reasonable

---

[4] Plaintiff was asked if she was ever "disciplined, reprimanded, or written up" by Defendant prior to June 2014. She replied "[n]ever."

explanation, *Hyde v. Stanley Tools*, 107 F.Supp.2d 992, 993 (E.D. La.2000), *aff'd*, 31 F. App'x 151 (5th Cir. 2001). Plaintiff has not drawn the Court to any reasonable explanation that reveals why, just two days after Defendant filed its motion for summary judgment and long after she filed this lawsuit, she now disputes a factual assertion contained in her verified petition that bears on an issue of fact relevant to Defendant's motion.[5] (Docs. 27, 34).

> ii. Failure to disclose Plaintiff's causes of action and lawsuit *after* confirmation of her Chapter 13 Plan.

Regardless, the Court reaches the same conclusion with respect to the first two prongs of the judicial estoppel test even if it were to accept Plaintiff's contradictory testimony and look only to: (1) the date of her termination, which occurred after she petitioned for bankruptcy and after her Chapter 13 Plan, as amended, was confirmed, or (2) the date she filed her lawsuit, which obviously postdated both of those occurrences. As previously noted, the duty to disclose assets in a bankruptcy proceeding—or in this case a possible or potential asset in the form of a claim or lawsuit—is "a *continuing* one." *In re Costal Plains*, 179 F. 3d at 206—207. (emphasis added). Under the circumstances presented, the Court cannot excuse Plaintiff's failure to abide by this continuing duty. Critically, Plaintiff did not disclose this

---

[5] In support of her motion for leave to amend, Plaintiff asserts vaguely that an associate attorney working on her case did not make "necessary changes" to her verified petition that she "advised to her" and which were therefore "not timely" implemented. (Doc. 27 at ¶¶ 2—3). Plaintiff seeks leave to "clarify the allegations" contained in her verified petition "and make corrections to the claims [contained therein], which would be in line" with Plaintiff's April 6, 2016 deposition testimony. (*Id.* at ¶ 4). Plaintiff does not attach to her motion for leave to amend or, for that matter, her response to Defendant's motion for summary judgment, any exhibit supporting the contention that she discussed inaccuracies in her verified petition with one of her attorneys. (Docs. 27, 34). Moreover, this contention is both confusing and alarming, because Plaintiff was required to sign the verification as the petition was then written; if it contained errors, she was free to decline affixing her signature to the document.

lawsuit and identify the claims contained therein to the Bankruptcy Court until approximately: (1) one year and eight months had passed since the date of her termination and (2) eight months and twenty-one days had passed from the date she filed suit. *See* note 3, *supra*. For purposes of invoking judicial estoppel, the Court does not opine as to what *exact* point in time Plaintiff's breach of her continuing duty to disclose assets interdicted her previous representation that she had no potential causes of action at the time her Chapter 13 Plan was confirmed. Suffice it to say that at some point during this vast timeframe her failure to abide by this continuing duty became legally significant.

    iii.  Was Plaintiff's failure "inadvertent?"

To defeat Defendant's motion for summary judgment, Plaintiff relies largely on her testimony that her failure to disclose was unintentional, thereby invoking the third prong of the judicial estoppel test set forth in *Jethroe*, *i.e.* whether she acted "inadvertently." *Jethroe*, 412 F.3d at 600. "Whether a debtor's failure to disclose claims was inadvertent presents a question of fact." *Love v. Tyson Foods, Inc.*, 677 F.3d 258, 262 (5th Cir. 2012) (applying rules of judicial estoppel when plaintiff filed for Chapter 13 bankruptcy, then filed EEOC charges and a subsequent civil rights lawsuit, which he did not disclose to the bankruptcy court, while his confirmed Chapter 13 Plan remained in place). "To establish that her failure to disclose was inadvertent, [Plaintiff] may prove either that she did not know of the inconsistent position or that she had no motive to conceal it form the court." *Jethroe*, 412 F.3d at 600—01.

To prove a lack of knowledge of her inconsistent position, Plaintiff "must show not that she was unaware that she had a duty to disclose her claims but that, at the time she filed her bankruptcy petition, she was unaware of the facts giving rise to them." *Id* at 601. The Court has little difficulty extending this principle to instances where a plaintiff does not abide by her continuing duty to disclose potential claims or lawsuits that arise after a bankruptcy plan is confirmed. *Love*, 677 F.3d at 263, 266. Plaintiff has not asserted that she was unaware of her potential claims in the months after she was terminated and after her Chapter 13 Plan was confirmed. And without question, Plaintiff was aware of her lawsuit asserting those claims, which again, was filed on June 5, 2015, or nearly nine months before she saw fit to disclose it to the Bankruptcy Court.

The question now becomes whether Plaintiff had a motive to conceal her potential claims and subsequent lawsuit from the Bankruptcy Court. *Jethroe*, 412 F.3d at 600—01. "The question is not whether defendant has produced evidence that [Plaintiff] intended to conceal her claims, but whether the evidence shows that she was *motivated* to do so." *Lewis*, 2014 WL 4231176, at *8. Thus, Plaintiff's argument related to her subjective state of mind is insufficient to raise a genuine dispute of fact on this issue. *Id*. (citing *In re Vioxx Prods. Liab. Litig.*, 889 F. Supp. 2d 857, 861 (E.D. La. 2012)). The Court finds that Defendant has demonstrated that Plaintiff had a motivation to conceal her lawsuit, and by extension, the claims set forth therein. *Love*, 677 F.3d at 262 ("As one court has stated, 'the motivation sub-element is almost always met if a debtor fails to disclose a claim or possible claim to the bankruptcy

court. Motivation in this context is self-evident because of potential financial benefit resulting from the nondisclosure.'") (quoting *Thompson v. Sanderson Farms, Inc.*, No. 3:04CV837-WHB-JCS, 2006 WL 7089989, at *4 (S.D. Miss. May 31, 2006)).

Although Plaintiff was bound to repay all of her debts, she nonetheless had an interest in maintaining the benefit of paying off the same over the course of five years. *See U.S. ex rel Long v. GSDMIdea City, L.L.C.*, 798 F.3d 265, 270—273 (5th Cir. 2015) (where the plaintiff had to repay debts over the course of five years but, unlike Plaintiff here, was discharged from paying some of his unsecured debts). Plaintiff's late amendment disclosing her lawsuit in her bankruptcy proceeding "is not enough to save [her] omitted claim[s] from dismissal" in the face of a judicial estoppel challenge. *In re Vioxx*, 889 F. Supp. 2d at 861 (quoting *Love*, 677 F.3d at 261).

## IV.   CONCLUSION

In light of the foregoing reasons, **IT IS ORDERED** that Defendant's motion for summary judgment (Doc. 26) is hereby **GRANTED** and that Plaintiff's claims are **DISMISSED WITH PREJUDICE**. Judgment will be entered accordingly, Plaintiff to bear all costs of this proceeding. Fed.R.Civ.P. 54(d)(1).

**IT IS FURTHER ORDERED** that the motions pending at Docs. 27, 31, and 33 are hereby **DENIED AS MOOT**.

Baton Rouge, Louisiana, this 24th day of May, 2016.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA